IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:05-CR-86-BR-1
No. 7:12-CV-251-BR

ANDRE MAURICE ELLERBEE,       )
          Petitioner,       )
                            )
   v.                        )          ORDER
                            )
UNITED STATES OF AMERICA,     )
          Respondent.      )

      This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

      On 30 October 2006, pursuant to a plea agreement, petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On 6 February 2007, the court sentenced petitioner to 120 months imprisonment, with the recommendation to the Bureau of Prisons ("BOP") that it "designate the North Carolina Department of Correction to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in Onslow County Superior Court, Docket Number 05CRS50059." (DE # 22, at 2.) Petitioner appealed his sentence. In February 2008, the Fourth Circuit Court of Appeals dismissed the appeal based on the waiver contained in petitioner's plea agreement. (DE # 41.) On 27 August 2012, petitioner filed the instant motion, (DE # 45), as well as a motion "for leave requesting to clarify all of the defendant's 2255

grounds/arguments after the Fourth Circuit's final decision of the retroactivity in U.S. v. Powell . . . ," (DE # 46).

In his § 2255 motion, petitioner asserts two claims. First, petitioner claims that he is factually and legally innocent of being a felon in possession of a firearm. (Pet., DE # 45, at 4.) Relying on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner argues that none of his prior North Carolina convictions qualify as predicate offenses to sustain his conviction under 18 U.S.C. § 922(g)(1). (See id.) Setting aside issues of the timeliness of the petition and the waiver of post-conviction relief in petitioner's plea agreement, the court finds that petitioner is not entitled to relief on the merits of this claim.

Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for anyone "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year," to possess in or affecting commerce any firearm. To determine whether a prior conviction was for a crime punishable by imprisonment for more than one year, "'the actual sentence imposed is irrelevant.'" Hazel v. United States, No. 2:05-cr-0722, 2012 WL 2357663, at *2 (D.S.C. June 20, 2012) (unpublished) (quoting United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (unpublished)). Rather, the court must examine whether the specific defendant could have received a sentence of greater than one year imprisonment, considering his criminal history and the nature of the offense. Simmons, 649 F.3d at 243-44.

Petitioner has at least one prior conviction which meets this definition. In April 2004, petitioner was convicted in North Carolina state court of assault with a deadly weapon inflicting serious injury. (PSR ¶ 19.) This offense is a Class E felony under North Carolina law. N.C. Gen. Stat. § 14-32(b). For a Class E felony, assuming petitioner had no prior record and

2

assuming mitigating factors were present, the maximum sentence petitioner could have received is 20 months imprisonment, which could be suspended for an intermediate punishment such as probation. See id. §§ 15A-1340.11(6) (2000) (defining intermediate punishment); 15A-1340.17(c) (1997) (setting forth mitigated range for a defendant with a prior record level I of 15 to 20 months, with active or intermediate punishment); 15A-1351(a) (2003) (under special probation, the court may suspend the term of imprisonment, place the defendant on probation, and require the defendant to submit to a period of imprisonment within the period of probation). In fact, petitioner was sentenced to 29 to 44 months imprisonment, suspended to 36 months probation and five months imprisonment. (PSR ¶ 19.) That petitioner was not physically incarcerated for more than one year is irrelevant. See Hazel, 2012 WL 2357663, at *3 (denying petitioner's § 2255 motion based on Simmons where his sentence had been based on the career offender enhancement due to prior North Carolina convictions for which he had received suspended terms of imprisonment in excess of one year; recognizing that "[w]hether or not a defendant was actually incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are 'felonies' for the purposes of sentencing"). Because petitioner was subject to a term of imprisonment in excess of one year, he is not entitled to relief under Simmons.

In his second claim, petitioner asserts that the BOP is not running his instant federal sentence concurrently with his state sentence as recommended by this court. (Pet., DE # 45, at 5-6.) Petitioner also complains that, by virtue of this fact, the government has breached the plea agreement. In the plea agreement, the parties agreed that "[t]he defendant is eligible for a sentence concurrent to that he is serving in the North Carolina Department of Correction,

pursuant to USSG §5G1.3(c)." (DE # 16, at 9.) This recognition that petitioner is eligible for a concurrent sentence does not obligate the government to do anything, except to not take a contrary position. The government did not take a contrary position, and therefore, it has not breached the plea agreement. (See 2/6/07 Tr. at 7 ("Your Honor, the United States did agree in the plea agreement that the sentence could run concurrent provided the guidelines were applicable.").) To the extent petitioner claims breach of the plea agreement, the second claim must be dismissed on the merits.

Further, to the extent that petitioner claims that BOP is not correctly implementing his sentence, such a claim concerns the execution of his sentence, and relief must be sought, if at all, under 28 U.S.C. § 2241 in the district of his confinement, the Northern District of West Virginia. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). This court, not being in that district, lacks jurisdiction to consider this claim. See id.

Because petitioner is not entitled to relief, the § 2255 petition is DISMISSED. Petitioner's second claim to the extent its concerns the execution of his sentence is DISMISSED WITHOUT PREJUDICE. Because the Fourth Circuit's decision of United States v. Powell, No. 11-6152, __F.3d __, 2012 WL 3553630 (4th Cir. Aug. 20, 2012), does not affect the court's analysis above, petitioner's motion for leave to clarify his claims in light of Powell is DENIED as moot.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing

4

Section 2255 Proceedings, a certificate of appealability is DENIED.

This 27 September 2012.

_____
W. Earl Britt

Senior U.S. District Judge